E-FILED
Tuesday, 31 December, 2013  10:03:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELZIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 13-CV-3368 |
| | ) |
| ELI GOODMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Jacksonville Correctional Center, seeks leave to proceed in forma pauperis. This case is before the Court for a review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Dr. Goodman has discontinued Plaintiff's medicine for hypertension. Plaintiff asserts that he has been experiencing cold sweats, severe headaches, black outs, and dizziness as a result of the medicine being discontinued. Plaintiff also fears that he is at risk of a stroke or a heart attack. Plaintiff's grievances were denied for the stated reason that Plaintiff did not actually have hypertension and that Plaintiff's tests were normal.

Plaintiff states an arguable Eighth Amendment claim against Dr. Goodman and Health Care Administrator Becky Sudbrink for deliberate indifference to Plaintiff's alleged serious medical need for his hypertension medicine. However, Plaintiff states no claim against the Defendants without medical training. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).

Plaintiff has also filed a motion for the Court to seek pro bono counsel on Plaintiff's behalf. Plaintiff must first demonstrate that he has made reasonable efforts to find counsel on his own. <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007). Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel.

**IT IS THEREFORE ORDERED:**

1)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Dr. Goodman and Becky Sudbrink for deliberate indifference to Plaintiff's serious medical needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)  This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before

Defense counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)   The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)   If Defendants no longer work at the address provided by Plaintiff, the prison litigation coordinator shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)   Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

      6)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defense counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) **If Defendants fail to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:**

**(1) The clerk is directed to attempt service on Defendants pursuant to the standard procedures;**

**(2) Plaintiff's motion for counsel is denied (d/e 2) with leave to renew upon demonstrating that Plaintiff has made reasonable efforts to find his own attorney;**

**(3)  Defendants Killebrew, Shipley, and Keen are terminated.**

ENTERED:  December 31, 2013

FOR THE COURT:                    <u>     s/Sue E. Myerscough    </u>
                                                      SUE E. MYERSCOUGH
                                          UNITED STATES DISTRICT JUDGE