UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ELZIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-cv-3368 |
| | ) | |
| ELI GOODMAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff, proceeding pro se and presently incarcerated at Centralia Correctional Center, filed the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation for inadequate medical care he received while incarcerated at Jacksonville Correctional Center. Each Defendant subsequently filed a Motion for Summary Judgment. (Docs. 42, 47). The motions have been fully briefed by each side, and the matter is now before the Court for ruling. The motions are granted.

### **LEGAL STANDARD**

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." *Warsco v.*

*Preferred Technical Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc*., 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986).

## BACKGROUND

Plaintiff is a prisoner incarcerated within the Illinois Department of Corrections. Doc. 1. In October 2012, Plaintiff was transferred to Jacksonville Correctional Center ("Jacksonville"), a prison facility where both Defendants are employed. Pl. Dep. 15:19-16:2. Defendant Goodman is the medical director and the physician responsible for providing medical treatment to inmates at the facility. Doc. 47-2 at 1, ¶ 3. Defendant Sudbrink is the Healthcare Unit Administrator. Doc. 43-2 at 1, ¶ 1.

Prior to his transfer to Jacksonville, Plaintiff was prescribed medication to treat hypertension, a condition more commonly referred to as high blood pressure. Pl. Dep. 13:7-11. According to Plaintiff, he had been taking this medication for a long period of time. *Id.* 13:2-6. Defendant Goodman first examined Plaintiff in January 2013 for flu-like symptoms. Doc. 47-2 at 3-4, ¶¶ 15-16. At that time, Plaintiff was admitted to the infirmary and his high blood pressure medication was continued. *Id.* at 4, ¶ 16. In April 2013, Defendant Goodman discontinued Plaintiff's prescription for high blood pressure medication based upon three (3) consecutive blood pressure readings indicating that Plaintiff's blood pressure was within the normal range, and had been for the previous three months. *Id.* at 5, ¶ 22. Furthermore, in April 2013, Plaintiff denied symptoms of high blood pressure. *Id.* at 4, ¶ 21.

Upon learning that his blood pressure medication had been discontinued, Plaintiff refused further medical treatment from Defendant Goodman several times from May 2013 through August 2013, including Defendant Goodman's recommendation that Plaintiff's blood pressure be monitored closely immediately following the discontinuation of the medication.  Doc. 48 at 16-29; Doc. 47-2 at 5, ¶ 27.  Plaintiff, however, provided two blood pressure readings within that timeframe, both times indicating that his blood pressure was within a normal range.   Doc. 48 at 19, 26.

During the relevant timeframe, Defendant Sudbrink was the Healthcare Unit Administrator at Jacksonville.  Doc. 43-2 at 1, ¶ 1.  She is not a physician.  *Id.* at 1, ¶ 3.  Her responsibilities included overseeing the daily operations and functioning of the healthcare unit.  *Id.* ¶ 2.  Defendant Sudbrink is not trained or licensed to diagnose patients, prescribe medications, or discontinue a prescribed medicine.  *Id.*  In September 2013, Defendant Sudbrink investigated concerns the Plaintiff had raised in a grievance regarding his medical care.  *Id.* at 2, ¶ 5.  As part of that investigation, Defendant Sudbrink reviewed Plaintiff's medical records and saw nothing that would indicate that Plaintiff's medical care was inadequate or inappropriate.  *Id.* ¶ 6.  Shortly thereafter, in October 2013, Plaintiff filed the present lawsuit.  Doc. 1.

## ANALYSIS

To implicate a violation of the Eighth Amendment for inadequate medical care, the Plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  A medical condition is serious "where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," *Gutierrez v. Peters*, 111 F.3d 1364, 1373

(7th Cir.1997) (citation omitted), "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotations omitted). Hypertension meets this definition, and the fact that Plaintiff had been previously prescribed medication for this condition is enough for the Court to infer that Plaintiff, at the time he came under Defendant Goodman's care, suffered from an objectively serious medical need. Nonetheless, according to the medical records submitted, Plaintiff's blood pressure fell within normal ranges on five (5) separate occasions over an 8 month period beginning in January 2013, both before and after Defendant Goodman's decision to discontinue the prescription medication. Based on these records, Defendants argue that Plaintiff never suffered from an objectively serious medical need. Even if Plaintiff did, the Defendants argue, the Plaintiff cannot show that the Defendants acted with deliberate indifference. The Court agrees with the latter argument.

Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. *Mayoral v. Sheehan*, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The denial of prescription medication can give rise to a constitutional claim for deliberate indifference. To prevail, a plaintiff must provide "evidence that the failure caused injury or a serious risk of injury." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). "[T]here is no tort—common law, statutory, or constitutional—without injury, actual or at least probabilistic."

*Id.* The Court acknowledges that the failure to treat high blood pressure could have dire, possibly fatal, consequences, but the evidence in this case shows that Plaintiff's blood pressure remained within a normal range after Defendant Goodman discontinued Plaintiff's medications, and Plaintiff suffered no ill effects thereafter. Any serious risk of harm that may have occurred was mitigated by Defendant Goodman's recommendation that Plaintiff's blood pressure be monitored during the time period immediately following the decision to adjust Plaintiff's treatment, a preventative step that Plaintiff refused.[1]

The real issue asserted by the Plaintiff is a disagreement with Defendant Goodman's decision to discontinue the prescription medication. *See* Pl. Dep. 55:11-12 ("All [Defendant Goodman] had to do was prescribe the medication, and we probably wouldn't be here today."). Insofar as Plaintiff disagrees with this decision, the Seventh Circuit has made clear that a mere disagreement with the course of treatment, standing alone, does not constitute a claim for deliberate indifference to a serious medical need. Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996) (citations omitted). Outside of this disagreement, there is no evidence to suggest that Defendant Goodman intentionally ignored a known risk of harm to the Plaintiff. Therefore, based upon these facts, a reasonable juror could not find that Defendant Goodman acted with deliberate indifference.

Next, Plaintiff alleges that Defendant Sudbrink was deliberately indifferent because she failed to intervene with Defendant Goodman's medical decisions. As mentioned above, Defendant Sudbrink is not a physician. Courts in this Circuit have been reluctant to impose constitutional liability upon nonmedical prison officials in cases where the official deferred to the judgment of the medical staff. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)

---

[1] As Plaintiff explained: "I refused – When I got over to the health care unit, if it was Dr. Goodman that I had to see, I was refusing [medical treatment]. If it was any treatment that he had ordered, I was refusing that, also." Pl. Dep. 47:18-21.

(nonmedical prison officials "are entitled to defer to the judgment of jail health professionals" so long as the inmate's complaints are not ignored (citations omitted)); *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) (no deliberate indifference where nonmedical prison official investigated inmate's complaints and referred then to medical providers who could be expected to address the concerns); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (no deliberate indifference where nonmedical prison official referred inmate complaints to medical providers). As the court in *Greeno* explained:

> If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno*, 414 F.3d at 656 (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). In other words, "the law encourages non-medical security and administrative personnel at jails and prisons to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so." *Berry*, 604 F.3d at 440.

Defendant Sudbrink, as an administrator at the jail, was entitled to rely upon the medical judgment of Defendant Goodman. There is no evidence that Plaintiff's medical conditions were ignored, nor is there any evidence to suggest that Plaintiff was denied treatment at any time. Therefore, the Court finds that no reasonable juror could find that Defendant Sudbrink acted with deliberate indifference.

## CONCLUSION

Viewing the facts in a light most favorable to the Plaintiff, the Court finds that no genuine issue of material fact exists, and that both Defendants are entitled to judgment as a

matter of law.  Therefore, for the reasons discussed above, the Defendants' respective Motions for Summary Judgment are granted.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motions for Summary Judgment are GRANTED [42][47].  The Clerk of the Court is directed to enter judgment in favor of all Defendants and against Plaintiff.  All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.  All deadlines and settings on the Court's calendar are vacated.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal.**  See **Fed. R. App. P. 24(a)(1)(c).**

ENTERED:   May 26, 2015.

_____s/ Tom Schanzle-Haskins_____

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE